IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TOMMY V. S., | ) | |
| | ) | No. 20 C 2976 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge M. David Weisman |
| v. | ) | |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Tommy V. S. appeals the Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court affirms the Commissioner's decision.

### Background

On July 29, 2016, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 15-30, 88, 104.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record." "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (citations omitted and cleaned up).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the application date. (R. 17.) At step two, the ALJ determined that plaintiff had the severe impairments of "status post vascular insult to the brain (stroke); status post right hip replacement; degenerative joint disease of the right knee; diabetes mellitus; diabetic neuropathy; and obesity." (*Id.*) At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (R. 19.) At step four, the ALJ found that plaintiff has no past relevant work but has the RFC to perform light work with certain exceptions. (R. 20-29.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform and thus he is not disabled. (R. 29-30.)

2

Plaintiff first argues that the ALJ abused her discretion when she agreed to admit some, but not all, of the evidence outstanding on the day of the hearing. (*See* R. 39-40 (ALJ stating she would keep the record open for Salvation Army and probation records but not for the opinion of plaintiff's treater, Dr. Begum).) The regulations require a claimant to submit evidence of disability "no later than 5 business days before the date of the scheduled hearing." 20 C.F.R. § 416.1435(a). An ALJ may decline to consider belatedly submitted evidence unless, as relevant here, the claimant "actively and diligently sought [the] evidence" but it was not timely received, or "[s]ome other unusual, unexpected, or unavoidable circumstance beyond [the claimant's] control prevented [him] from . . . submitting the evidence earlier." 20 C.F.R. § 416.1435(b)(3). The ALJ explained that she would hold the record open for the Salvation Army and probation office evidence because both had been timely requested, but yet not received. (R. 39-40.) The ALJ said she would not consider Dr. Begum's opinion because plaintiff, who saw the doctor every two or three months, could have obtained it sooner. (R. 40.) The ALJ's differing treatment of these categories of evidence was not an abuse of discretion. *See Krell v. Saul*, 931 F.3d 582, 586 (7th Cir. 2019) (applying abuse of discretion standard for pre-hearing procedural decisions).

Plaintiff also argues that the ALJ's physical RFC determination is flawed because it does not account for plaintiff's non-severe disc disease, diabetic neuropathy, and "super-morbid" obesity. The ALJ did not incorporate limitations in the RFC for plaintiff's back because an x-ray taken on October 17, 2016 "showed minimal degenerative changes," and plaintiff's only subsequent complaint of back pain, in March 2017, was treated with medication and an order for an MRI, which plaintiff never obtained. (R. 27; *see* R. 1213-16, 1312.) The ALJ also did not include limitations for plaintiff's diabetic neuropathy because the record showed that "the peripheral neuropathy resolved with medication." (R. 25 (citing R. 1115 (11/1/16 medical record

3

stating: "The neuropathy, painful feet is gone now.")).) Moreover, the ALJ said that plaintiff's reported activities supported her finding that he can walk notwithstanding his obesity. (R. 22-25 (citing R. 411 (6/1/15 medical record stating that plaintiff worked in the prison kitchen all day); R. 703-04 (7/1/16 rehabilitation hospital discharge notes stating that plaintiff "can walk long distances > 900 feet without any assistive device"); R. 898-99 (8/30/16 medical note stating that plaintiff "walked around outside this weekend"); R. 914 (9/8/16 medical record stating that plaintiff "is ready to go back to work and has some jobs lined up"); R. 1079 (7/18/16 medical record stating that plaintiff planned to work as a carpenter); R. 832-34 (6/24/16 medical record noting that plaintiff takes the CTA and is "able to walk distances to get to desired destinations"); R. 921 (11/17/16 medical record noting that plaintiff "plans to return to work soon")).) Finally, the ALJ's incorporation of a sit/stand option in the RFC, which none of the agency doctors thought was necessary, is not error. *Best v. Berryhill*, 730 F. App'x 380, 382 (7th Cir. 2018) ("'There is no error when there is no doctor's opinion contained in the record [that] indicated greater limitations than those found by the ALJ.'") (quoting *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004)); *Poole v. Colvin*, No. 12 C 10159, 2016 WL 1181817, at *8 (N.D. Ill. Mar. 28, 2016) ("[A]n ALJ does not err when he finds a claimant to have an RFC which is more limited than that ascribed by the medical experts.").

Plaintiff also challenges the ALJ's failure to include any mental limitations in the RFC. Plaintiff contends the symptoms he reported to the consultative psychologist, *i.e.*, "labile mood, difficulty managing anger, chronic sadness, crying jags, irritability, and social isolation," warranted a limitation on his interaction with others. (ECF 21 at 14.) Despite his reported symptoms, however, the psychologist did not suggest that plaintiff's social interactions should be limited, nor did the agency doctors to whose opinions the ALJ gave significant weight. (*See* R.

4

29, 82, 95-97, 985-987.) The only evidence contradicting the medical opinions is plaintiff's symptom allegations, which as discussed below, the ALJ found not fully supported by the record. Accordingly, the ALJ did not err in relying on those opinions. *See Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("The ALJ was entitled to rely on medical experts when no contrary evidence [was] presented.").

Plaintiff fares no better with his attack on the ALJ's symptom evaluation. In evaluating symptom allegations, an ALJ is required to consider a variety of factors including: the claimant's daily activities; the location, duration, frequency, and intensity of his symptoms; the type, dosage, effectiveness, and side effects of any medication he takes to alleviate symptoms; any other treatment he has received or measures he has used to relieve his symptoms; and any other factors concerning functional limitations caused by his symptoms. 20 C.F.R. § 416.929(c)(3). If the ALJ gives "specific reasons supported by the record" for a symptom evaluation, a court will not disturb it unless it is "patently wrong." *Curvin v. Colvin*, 778 F.3d 645, 651 (7th Cir. 2015). The ALJ "did not find [plaintiff's] subjective allegations as to the degree of his limitations to be consistent with the record as a whole" because: (1) after acute rehabilitation, plaintiff received only "routine treatment with primary care providers"; (2) he effectively manages his pain with medication; (3) he has a cane but "is noted . . . to be ambulatory without assistance on many occasions"; (4) plaintiff "actively seeks work," engages in "'intense workouts'" at a gym, "attends to all household tasks, socializes, plays pool," and actively participates in his church; (5) he uses public transportation; and (6) he has "little problem with personal care." (R. 28-29 (citing "Exs. 3E, 6E [plaintiff's function reports], [plaintiff's] hearing testimony, medical record").) Because the ALJ's symptom evaluation is supported by evidence in the record, it is not patently wrong.

5

## Conclusion

For the reasons set forth above, the Court affirms the Commissioner's decision and terminates this case.

**SO ORDERED.**                    **ENTERED: March 31, 2022**

**M. David Weisman**
**United States Magistrate Judge**